UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EUGENE WINFREY,

                    Plaintiff,

        -against-

THE DOE FUND, LEMLE & WOLFF
COMPANIES,

                    Defendants.

26-CV-3225 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action raising claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and New York state common law. The Court dismisses the complaint for the following reasons.

Plaintiff previously submitted to this court a nearly identical complaint against Defendants alleging the same set of facts. That action is pending before this Court, *Winfrey v. Doe Fund*, No. 26-CV-2963 (LTS) (S.D.N.Y. filed Apr. 10, 2026). Plaintiffs generally have no right to maintain multiple actions "involving the same subject matter at the same time in the same court and against the same defendant." *Adams v. Calif. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008) (internal quotation marks omitted). District courts thus have discretion to dismiss a later-filed action that is duplicative of proceedings already before it. *Id.*; *see also Humphrey v. Ct. Clerk ex rel. U.S. Sup. Ct.*, No. 5:11-CV-0938, 2012 WL 264603, at *3 (N.D.N.Y. Jan. 30, 2012) (holding that "dismissal of an action as duplicative has been found to fall within the ambit of the Court's power to dismiss a complaint . . . pursuant to 28 U.S.C. § 1915(e)").

As this complaint raises the same claims, no useful purpose would be served by litigating this duplicate lawsuit. Therefore, the Court dismisses this complaint without prejudice to Plaintiff's pending case.

## CONCLUSION

Plaintiff's complaint is dismissed without prejudice as duplicative of 26-CV-2963.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a civil judgment in this action.

SO ORDERED.

Dated:    May 4, 2026
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

2